Good morning, Your Honor. My name is Larry Bombach. I represent the appellate Art Stewart. I believe the critical issue in this case is whether the deficiencies in the state court procedures deprived Mr. Stewart as a federal plaintiff of a reasonable opportunity to litigate his federal claim. The cases seem to agree that the issue must be decided on the merits in the lower courts before preclusion sets in. And what's your definition of on the merits? Well, my definition is similar to that of the Ninth Circuit in which there must be more than just a decision, but there must be a full and fair opportunity to litigate the issue. And what does California law say? I think it agrees with that. And you don't think there's a fair opportunity to litigate the claims that he raised here in his federal? Well, there was a, the, in the appellee's brief in, I believe, footnote three, they concede that the issues that were brought before the federal court here were decided by a judgment on the pleadings. And a judgment on the pleadings is equivalent to a demurrer. And a the merits. Well, dismissal is the same as a demurrer, but this is a judgment on pleadings. It's not quite the same thing. Well, and the way it all evolved was that there was a declining by the court. If, if you look at the decision in the, by the state court, they denied a motion by the plaintiff to decide the issue of access. First of all, the issue of ownership was the case that was decided in the Supreme, in the, in the state court. The issue of access was the issue that was raised, but discarded. In the, in the plaintiff's motion in the state court, there was a decision by the court that he wasn't a neighboring property, but that was a decision in response to plaintiff's motion for summary judgment. So all that decision did was say, there's an issue here. Let me ask you, you, you, when the judge, the superior court judge granted the judgment on the pleadings, it was with leave to amend, correct? Ultimately, no. Well, no, it was without. What do you mean by ultimately, no? Well, there was one opportunity to amend. Didn't he grant, didn't he grant leave to amend? He did. And you didn't raise the, you had a chance to raise these claims, and you didn't. In fact, you had raised them, and you, and you abandoned them. Well, there was an issue raised as to whether or not the notice that the, that Mr. Stewart received from the city complied with due process. That was the, I was not the attorney originally. I was like the third attorney in the line. And that issue was raised and disposed of. Then ultimately, summary judgment was granted on the claims that were left, that when he filed the, the amended complaint, notice of appeal was filed, and then the appeal was abandoned. That's true. That's true. And the appeal was dismissed. And, and I don't know why you didn't have a fair and complete opportunity to litigate the claims you're raising here in State court. Well, I believe that the, that as in accord with Justice Rehnquist said in case we cited, that he should have the opportunity to litigate in Federal court if on a Federal issue. And the State court, especially in this day and age, has a tendency to express a disregard or sometimes an ignorance of Federal issues, and I think that was never addressed in the State court and never allowed on the final judgment on the pleadings to be raised by the pleadings. There's another argument that you have that, that might have a little more force. Because one of the other criteria, there's three criteria for claim preclusion. The first one is, is it the same cause of action? It's not. And you have, and for that, under the California law, you look to whether you're dealing with the same primary right here as you were in the State court. And, and we're not. What, what's your, explain to me why it's not the same primary rights, right or rights that are at stake in this case as were at stake in the Superior Court case? In the State court, Mr. Stewart did a property search and found out that who owned the property and bought it from him. And then after numerous hearings before numerous judges, the decision was made that that property title search was wrong. And so he didn't own it. So ultimately, the focus throughout State court was who is the owner of this property, and ultimately when the owner was discovered, Mr. Stewart bought the property from the  But for 14 years, the town of Paradise prohibited his right to use that crossing. So that was the focus in State court. In Federal court, the issue was access. Was he deprived of access to this two-acre parcel with a single-family residence on it? And if so, was that not a deprivation? Okay. He did have access to it. He got in and out every day without any problem by going around. He just didn't have the access he wanted to cross this property. Correct. In one of the cases we cited says that that's a deprivation as well when you have to take a diversion. Yeah, but don't say he didn't have access. He didn't have the access he wanted. It's just different. Well, it's a serious issue because the address of the property was 6259 Berkshire. If the residents of the house called the fire department and asked them to come and put out a fire, they would have come to Berkshire because that was the address, and they would have been precluded from entering the property because the town had removed the crossing from Berkshire to the property. And the distance between the two-acre parcel wound through a mobile home park and required there to be an easement for that property through the mobile home park, so the two were sort of ---- They're both owned by him. They weren't merged. The title was not merged. No court ever found that there was a merger. Suggest there was, but they are both owned by him. They are. Yeah. So there was never an issue of final judgment on the merits as to access by any court, and the federal judge picked up on the denial of the summary judgment and decided it on that. I can't remember, but did the second amended complaint in Superior Court raise inverse condemnation claim? I think it did, but in the judgment on the pleadings, the state court judge said there was no issue of inverse condemnation, so disposed of it by just fiat. On judgment on the pleadings? Yes. And then he gave leave to amend, and it wasn't reasserted. I believe it was reasserted, but never ---- and judgment was granted. On summary judgment. But the judgment on the pleadings disposed of the ---- of both the inverse condemnation. I think in judgment on the pleadings, it was just ---- I can't remember that part of it, Your Honor. I'm sorry. Well, was there a jut ---- was there ---- did it go ---- well, I'll go back and review the record, but I think it was raised. There was no ---- What was the basis for the inverse condemnation claim? That they had deprived him of access. Of access, right? Yes. They were ---- And that they were forcing him to use the access through the mobile home park. Correct. Which resulted in an indemnation of value of the mobile home park, correct? Certainly, because he couldn't sell the mobile home park. I don't know why those same ---- why those ---- I don't know how you want to characterize those rights that were violated. I don't ---- it looks like they were the same. You allege those deprivation of those rights in the State court and you're raising them again in the Federal court. It looks like the same thing. I don't think they're identical. All right. Okay. I'm ---- You want to save a minute for rebuttal? Yes. All right. Please be seated. To please the Court, I'm David Rush. I represent the Pele town of Paradise. As you can tell from the record, Your Honors, this case has been going on for some 21 years. We've had three separate trials. We've had three separate appeals in the State court. The issues raised in the current Federal district court complaint, namely Federal civil rights and inverse condemnation, have been raised and addressed multiple times already in the State court. This case is basically, in my view, totally handled by your decision in Holcomb v. Hosmer. I believe that basically controls how to handle this case. As you will recall, that case stood for the proposition that the Federal court would apply State law concerning claims preclusion. And the claims preclusion requirements for California law are set forth in the Mycogen Corporation v. Monsanto case, which was cited on page 10 of the town's brief. And basically, and you've already alluded to it, the question is, are we dealing with the same cause of action in the Federal forum as we were in the State forum, cause of action being defined as primary right? The only action by the town that has ever been pled in any of the various cases brought before the State or the Federal courts has been that in March of 1988, the town removed a crossing that Mr. Stewart had by virtue of a 30-day revocable license with the railroad, period. That's the same underlying factual basis for every theory. And the cases make it very clear that where you have different theories expounded about the same primary right, namely the right to be free from having property access taken away from you, then no matter how many different theories legally you expand. This guy has a little different claim with respect to the effect that had on the value of the mobile home park. Well, that was a What he claims is that by depriving him of access over the railroad track, he was forced to use, I guess, a route through the mobile home park to get to his property. Right. That's right. And that restricts his use of the mobile home park property. Correct. And that And all that kind of stuff. No, you're absolutely correct. It's different than pure access. At least that's what I thought. Well, that went really, Your Honor, more to damages than anything else. What were the repercussions? But it's the same act involved, the same removal that was involved. Now, another thing that's very important, if I may. Yeah. I mean, I guess his claim is that he has a right to use, you know, to get maximum use, whatever it is, reasonable use out of his mobile home park. Well, that issue was raised in the state court. It was. And it was resolved adversely to him. Now, the other interesting thing is, and also in your same Holcomb case, which involved a 1983 action brought in federal court after an adverse state ruling, this court made it very clear that if the appellant in that case could have brought a 1983 action in state court and did not, he's precluded from doing so in the later subsequent federal action. And so even if he had never raised these issues, which, of course, he did and they were ruled on, but even if he never had, he could have. And under the Holcomb case, backed up by MIGRA, the U.S. Supreme Court case, since he could have, he's precluded under the doctrine of claim preclusion. So there's no way that he can ever get a ‑‑ I guess because what the town did was to take over this railroad track path. Correct. And convert it into a bike path? A bike path and a walking path. So there's no way he could ever get access over it to the city? I mean, he's foreclosed. Well, no, he's not. There are many things he could have done. He could have asked for an encroachment permit. There are a lot of options that he had, but instead he chose to litigate it and was given so many opportunities to rehash the same argument and put it under different legal theories. So it's pretty clear that it's time for this case to be concluded. But he could have, I guess, negotiated with the city for this, quote, unquote, encroachment easement? Yes, and it's called an encroachment permit. Yes, he could have done that. And then he'd have to work with the city to design the route and all that. Correct. And comply with whatever requirements. That would be correct. Have you represented the city in all 21 years of this? Yes. I got real old with this case. Thank you. Have a nice retirement. Thank you. I would point out that Holcomb requires a finding on the merits. However, I would point the court to page 190 of the Excerpts of Record, Volume 2, in which the court states plaintiff's motion is based on the argument with citation to authorities that a city can be liable for interfering with access of an abutting landowner to a public street. And then the court goes on and says, but the plaintiff is not abutting and disposes of that issue. But at that point, they're disposing of a motion for summary judgment by the plaintiff. And that is a statement, not a finding of fact. That's a statement by the court that says nothing more than we found a fact here that's in dispute and we deny the motion. That's what happens when you deny a motion for summary judgment. You find facts, and that's the end of your disposition. And for the subsequent courts to hold that that is a fact upon which they can build their preclusion, I suggest is invalid. Thank you. Okay. Appreciate counsel's arguments. The matter is submitted. Thank you very much.
judges: Duffy, Noonan, Paez